## NARCISSUS E. CHAMBERLAIN, APPELLANT, *v.* THOMAS A. CHAMBERLAIN, RESPONDENT.

*Costs in County Court, on appeal from Justice's Court — when the appellant is entitled to.*

A plaintiff recovered a judgment in a Justice's Court and the defendant appealed, stating in his notice of appeal, as the ground thereof, " that the judgment should have been in favor of the defendant and against the plaintiff for costs." No offer was made by the plaintiff, and upon the trial the judgment was reduced forty dollars.

*Held*, that the Code did not require the appellant to state in his notice of appeal the exact amount of the error in the judgment, and that he was entitled to recover his costs.

APPEAL by the plaintiff from an order made at the Kings county Special Term, denying the plaintiff's motion to vacate and set aside the defendant's bill of costs and disbursements as taxed.

*Edward Russell*, for the appellant.

*Michael Fürst*, for the respondent.

BARNARD, P. J.:

Costs were properly taxed to the defendant whether the taxation was under the Code of Procedure or under the Code of Civil Procedure.

The plaintiff recovered a judgment against the defendant before a justice. The defendant appealed, and in his notice of appeal he stated the ground thereof to be that "the judgment should have been in favor of the defendant and against the plaintiff for costs." In other words he denied all indebtedness and claimed that the judgment should have been in his favor for costs, and was entirely erroneous.

There was no offer made, and upon the trial the judgment was reduced about forty dollars.

The Code of Procedure did not require that the appellant should state the exact amount of the error in the judgment. He was to specify an amount, and then the respondent was at liberty to make his offer.

In this case the appellant claimed the judgment to be entirely wrong. It would be a hard construction to hold that the Code designed in such a case to put an appellant in a worse condition than if the judgment was only claimed to be less erroneous.

The order should be affirmed, with costs and disbursements.

GILBERT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.